IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael Holder, II,                            :

                    Plaintiff           :       Civil Action 2:07-cv-1246

     v.                                         :       Judge Graham

Michael J. Astrue, Commissioner
of Social Security,                            :       Magistrate Judge Abel

                    Defendant
                                           :

**ORDER**

This matter is before the Court on plaintiff Michael Holder's October 16, 2008 objections to Magistrate Judge Abel's October 6, 2008 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Michael Holder, II is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff argues that the Magistrate Judge erred by concluding that substantial evidence supported the administrative law judge's conclusion that plaintiff's mental impairment resulted in a residual functional capacity to perform low-stress work. The administrative law judge concluded that only plaintiff's physical impairments were severe. The administrative law judge, however, offered an "alternative decision" that

concluded plaintiff did suffer a severe mental impairment. In the alternative analysis, the administrative law judge assumed, hypothetically, that Holder's depression was a severe impairment and resulted in the additional residual functional capacity limitation of low-stress work, defined as no direct dealing with the public, no production quotas, and no close or over-the-shoulder supervision. (R. 23.)

Plaintiff objects to the alternative analysis because plaintiff's depression had more than a minimal effect on his ability to work. Plaintiff argues that his psychologist, Dr. Black, concluded that his mental impairments met Listing § 12.04. The administrative law judge erred in not relying on the opinion of Dr. Black, and as a result, the decision lacks the support of substantial evidence.

In response to plaintiff's objections, defendant correctly notes that the administrative law judge properly applied the analysis for determining whether a mental impairment was severe by using the procedures set forth at 20 C.F.R. § 404.1520a. The regulation identifies four broad functional areas in which the degree of functional limitations are rated: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The degree of limitation in the first three functional areas is assessed using a five-point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(4). For episodes of decompensation, a four-point scale is used: none, one or two, three, four or more. *Id.* Section 404.1520a(d)(1) states:

> If we rate the degree of your limitation in the first three functional areas as "none" or "mild" and "none" in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence

2

otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities (see § 404.1521).

20 C.F.R. § 404.1520a(d)(1).

The administrative law judge stated:

> There is no evidence that the claimant has required emergency room treatment or hospitalization for psychiatric complaints. The claimant did not allege a mental impairment on his application for disability benefits. There is no evidence of any mental health treatment. Treatment records from the VA indicate that the claimant did not have any psychiatric problems except for "mild situational anxiety, for which he was treated with Buspar. The claimant reported that he was independent in self-care. He prepared simple meals. His girlfriend took care of the household chores. He was able to handle his own finances. He only socialized with his girlfriend. He watched television and read.
> Having carefully considered the entire record, it is found that the claimant's mental impairments results in no restriction of activities of daily living; mild difficulties in maintaining social functioning; no difficulties in maintaining concentration, persistence, or pace; and no repeated episodes of decompensation, each for extended duration. There is no evidence of an inability to function outside of a highly supportive environment or that routine changes in his environment would result in decompensation. There is no evidence of a complete inability to function outside the area of his home. Accordingly, it is found that the claimant's mental impairments are not "severe" as defined in the Act.

(R. 19.) Consequently, there is substantial evidence in the record supporting the administrative law judge's decision that Holder's impairment was not severe.

The Magistrate Judge properly concluded that the administrative law judge's alternative decision was supported by substantial evidence. The Magistrate Judge concluded:

> The record contains substantial evidence supporting the administrative law judge's decision that a residual functional capacity assessment that limits plaintiff to low stress work adequately accounts for his mental impairment. Several factors indicate that Holder does not have a disabling mental impairment. Until 2007, Holder's depression and

3

> anxiety treatment was limited to medication. Although plaintiff exhibited mild anxiety in April 2004 and had a positive screen for depression, a May 2004 mental status exam was essentially normal. *See* R. 140. Dr. Ellison did not note any mental health symptoms from January 7, 2004 until March 31, 2006. In March 2006, Dr. Ellison reported that Holder was quite depressed and concerned about his pain and referred Holder to Dr. Altoff for a psychological consultation. (R. 214.) Holder, however, never saw Dr. Altoff. There were no reported mental health symptoms for the next six months. In September 2006, Holder was very upset and had increased depression and anxiety, and Dr. Ellison prescribed an antidepressant. In October 2006, Dr. Ellison referred to Dr. Black, a psychologist. (R. 215, 233.)
>
> The administrative law judge gave an adequate rationale for rejecting the opinion of Dr. Black. The administrative law judge noted that Dr. Black's opinion that Holder's impairment was of Listing level lacked any objective support. (R. 18.) The administrative law judge was not required to adopt an physician's opinion that is unsupported. *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). Here, Dr. Black did not perform a mental status examination or any psychological tests. *See* R. 234.

Report & Recommendation, at 10-11. The administrative law judge's alternative decision is also supported by substantial evidence.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED**.

s/James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: March 5, 2009